# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS HUSSEY <br><br>          Plaintiff, <br><br> v. <br><br> STATION PRIDE, LLC <br><br>          Defendant. | Civil Case No. |

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Hussey ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli, P.C. for his complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.    This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.    Plaintiff Thomas Hussey is an individual doing business as Tom Hussey Photography, LLC with an address at 154 Express Street, Dallas, Texas 72507.

3.      Upon information and belief, defendant Station Pride, LLC ("Defendant") is a foreign company registered in the State of Connecticut with a place of business at 130 Thomas Street, West Hartford, Connecticut 06119.

## JURISDICTION AND VENUE

4.      This is a civil action in which Plaintiff is seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.,* 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Specifically, upon information and belief, Defendant operates its business at 130 Thomas Street, West Hartford, Connecticut 06119.

6.      Personal jurisdiction over Defendant is proper because Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and in this judicial district.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8.     Plaintiff is a professional photographer based out of Dallas, Texas and, through his business Tom Hussey Photography, creates and licenses photographic images for various uses.

9.     Plaintiff has established a significant and valuable reputation through the success of his many works.  He specializes in commercial advertising and lifestyle photography and has worked for a wide range of national and international clients.  His "Reflections" series of photographs for Novartis won a Gold Addy Award from the American Advertising Federation and was featured in *Communication Arts 2010 Photography Annual*.  In 2011, Plaintiff was the only American to be named in the top 10 of *Adweek's* "Top 100" (out of more than 2,760) illustrator, graphic artist, art director, design shop, photographer and student portfolios.

10.     In addition to his commercial shooting, Plaintiff has taught photography at the Rochester Institute of Technology in New York and Texas A&M University-Commerce and has worked in the Conservation Laboratory at the International Museum of Photography at George Eastman House.

11.     Photography is his life's work and his love and dedication to the art is remarkably illuminated in his works.

12.     Accordingly, Mr. Hussey's intellectual property is very important to him.  As a result, he typically includes digital copyright management information in his photographs.

13.     Among the many moving photographs taken by the Plaintiff, Plaintiff is the original author of an award winning photographic image, N-46-Fireman-Caregiver, which is at issue in this case (the "Copyrighted Work").  Attached hereto as Exhibit A is a copy of the Copyrighted Work demonstrating Plaintiff's inclusion of copyright management information.

14.     As the original author, Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work and, on June 8, 2009 obtained the following registration with the United States Copyright Office for the Copyright Work: VA 990-319.  Attached hereto as Exhibit B is a copy of the registration with the United States Copyright Office of the Copyrighted Work.

15.     Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

**B.     Defendant's Unlawful Activities**

16.     Upon information and belief, Defendant owns and operates a website, located at the URL https://station-pride.com/ where Defendant uses high quality photographic images, such as those belonging to Plaintiff, to draw internet users to visit its website where it promotes and sells merchandise.

4

17.    In March of 2017, Plaintiff discovered instances in which Defendant was using the Copyrighted Work to grow viewership at its websites, infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, and publicly displaying the Copyrighted Work at the following URL: https://station-pride.com/2017/03/05/24-reasons-to-leave-or-stay/.

18.    Defendant's reproduction, distribution, and public display of the Copyrighted Work is without Plaintiff's permission and was conducted with full knowledge that it did not have such permission and with reckless disregard for the lawful need of such permission.  Copies of screenshots demonstrating Defendant's unauthorized use ("Infringing Work") are attached hereto as Exhibit C.

19.    In addition, upon information and belief, Defendant knowingly altered and/or falsified copyright management information to conceal Defendant's infringement of Plaintiff's Copyright Work.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

20.    Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21.    The Copyrighted Work is an original work of authorship, which embodies copyrightable subject matter, and is subject to the full protection of the

copyright laws of the United States.  Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

22.    Upon information and belief, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Work.

23.    By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.,* by reproducing, distributing and publicly displaying the Infringing Work.

24.    Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

25.    As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each infringing reproduction, each infringing distribution, and each infringing public display, or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages and a disgorgement of Defendant's profits from infringement, amounts which will be proven at trial.

26.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

27.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

28.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

29.     Upon information and belief, Defendant has intentionally removed copyright management information which was digitally included the Copyright Work.

30.     Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

31.     Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work without copyright management

information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

32.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were willful.

33.     By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

34.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

35.     At its election, and in lieu of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B) up to a maximum of $25,000.

36.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.      A declaration that such infringement is willful;

3.      An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

10.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

11.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13.     For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  June 26, 2017

Respectfully submitted,

RATH, YOUNG AND PIGNATELLI P.C.

By: /s/ Steven J. Lauwers
Steven J. Lauwers, Esquire
Bar No.  ct30312
R. Terry Parker, Esquire
(Pro Hac Vice admission sought)
One Capital Plaza
Concord, New Hampshire
Tel.: (603) 410-4338
Email: rtp@rathlaw.com

*Attorneys for Plaintiff Thomas Hussey*

# Exhibit A





# Exhibit B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 990-319

**Effective date of registration:**

June 8, 2009

---

## Title

**Title of Work:** N-46

## Completion/ Publication

**Year of Completion:** 2009

## Author

**Author:** Tom Hussey

**Author Created:** photograph(s)

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Tom Hussey

154 Express Street, Dallas, TX, 75207, United States

## Rights and Permissions

**Organization Name:** TOM HUSSEY Photography, LLC

**Name:** Tom Hussey

**Email:** me@tomhussey.com    **Telephone:** 214-741-4034

**Address:** 154 Express Street

Dallas, TX 75207 United States

## Certification

**Name:** Tom Hussey

**Date:** June 8, 2009

**Applicant's Tracking Number:** N-46 Copyright

**Correspondence:** Yes

# Exhibit C



# 24 Reasons To Leave Or Stay

*Posted on March 5, 2017 by Brad Phillips // 0 Comments*

The alarm pierces through the good time you and Scarlett Johansson are having in your dream, telling you it's time to get up and shower. Your alarm is the house-tones from a popular TV show from the 70's and 80's about paramedics and firefighters. You mock other people that have that as a ringtone while secretly loving the nerdiness of it. You hit the snooze once trying to convince your soul and brain that it is a good idea to go through the next 24 hours of what you have to do. You silence the alarm again and make your way down the steps to the bathroom, motivated by something, but you are not sure what.

You stand in the shower as the drops of water hit you, each telling you that the day is real; the day has started and that it's time to drag your heart, your mind, and your soul through the mire of emotions that you know you will have today. Like dragging a brand new coat through a mud puddle, just so you can take the coat back home to wash it and make it clean again. You look forward to getting in this shower when you get back home. It makes you feel like, if you have the water hot enough, you can wash the day off; the negative emotions off of your heart and the bad things out of your brain.

Before you know it, the shower is over. You shave so your SCBA mask will fit tight on your face. You know you probably won't need it since you are on the medic today, but you do it anyway. You brush your teeth so that when you kiss your sleepy significant other goodbye, you leave them with the memory of your fresh breath and your clean body and cologne to get them through the 24 hours without you. "I love you, and you smell great," they whimper through sleepy eyes. That's all you need to light a fire in your soul that burns until you get back home the next day.

You get your stuff together and get to the car. You get in it and sit for a minute trying to remember which place you are working at today since you work a couple of different departments to make a living. You tell yourself you do it to make your





Posted on *March 5, 2017* by *Brad Phillips* // *0 Comments*

**Station Pride Merch**





The alarm pierces through the good time you and Scarlett Johansson are having in your dream, telling you it's time to get up and shower. Your alarm is the house-tones from a popular TV show from the 70's and 80's about paramedics and firefighters. You mock other people that have that as a ringtone while secretly loving the nerdiness of it. You hit the snooze once trying to convince your soul and brain that it is a good idea to go through the next 24 hours of what you have to do. You silence the alarm again and make your way down the steps to the bathroom, motivated by something, but you are not sure what.

You stand in the shower as the drops of water hit you, each telling you that the day is real: the day has started and that it's time to drag your heart, your mind, and your soul through the mire of emotions that you know you will have today. Like dragging a brand new coat through a mud puddle, just so you can take the coat back home to wash it and make it clean again. You look forward to getting in this shower when you get back home. It makes you feel like, if you have the water hot enough, you can wash the day off: the negative emotions off of your heart and the bad things out of your brain.



Before you know it, the shower is over. You shave so your SCBA mask will fit tight on your face. You know you probably won't need it since you are on the medic today, but you do it anyway. You brush your teeth so that when you kiss your sleepy significant other goodbye, you leave them with the memory of your fresh breath and your clean body and cologne to get them through the 24 hours without you. "I love you, and you smell great," they whimper through sleepy eyes. That's all you need to light a fire in your soul that burns until you get back home the next day.



FIRELIDS

You get your stuff together and get to the car. You get in it and sit for a minute trying to remember which place you are working at today since you work a couple of different departments to make a



**T-SHIRTS
STICKERS
EMBROIDERY
GRAPHIC DESIGN**

 Follow ···

